***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted September 28, affirmed October 26, 2022

In the Matter of the Estate of
Ronald W. Haguewood, Deceased.

Karen HAGUEWOOD,
*Petitioner-Respondent,*

*v.*

Kelwyane HAGUEWOOD
and Keven Haguewood,
*Personal Representatives-Appellants.*

Morrow County Circuit Court
20PB09161; A176772

Jon S. Lieuallen, Judge.

Matthew Whitman argued the cause and filed the briefs for appellants.

Michael B. Collins argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellants, the co-personal representatives of the decedent's estate, appeal from the trial court's grant of summary judgment to petitioner, the decedent's wife, declaring her to be the sole owner of two grain accounts. Appellants contend that the estate has a property interest in the disputed grain accounts, because no right of survivorship was created that complied with the terms of ORS 105.920. We affirm.

The decedent and petitioner signed a premarital agreement the terms and validity of which are not in dispute. Section 7 of the premarital agreement provided that the separate property of either spouse could be converted to joint property by placing the property in joint names. Section 11 further established that, in the event of the death of one of the parties, joint property would pass to the survivor. During the marriage, the decedent and petitioner established the grain accounts in their joint names. Thus, the decedent and petitioner unambiguously contracted as to the method of creating a joint tenancy with a right of survivorship for marital property, and the grain accounts complied with that method. *See Gilbert v. Brown*, 71 Or App 809, 817-18, 693 P2d 1330, *rev den*, 300 Or 367 (1985) (ORS 105.920 is not the exclusive means of creating a right of survivorship).[1]

Affirmed.

---

[1] Because petitioner and the decedent used the premarital agreement to establish the method of creating a joint tenancy, not ORS 105.920, we do not address appellants' arguments regarding whether the documentation from the grain accounts satisfies the requirements of ORS 105.920. *Cf. Grossman and Grossman*, 338 Or 99, 109, 106 P3d 618 (2005) (declaring that the Uniform Premarital Agreement Act, "as the more specific statute regarding property settlement in a marital dissolution proceeding, it controls to the extent that it is inconsistent with the general 'just and proper' distribution requirement").